```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

TODD DISTLER and JANET DISTLER,

        Plaintiffs,
v.                              Case No.   8:10-cv-1018-T-33TGW

EL-AD RESERVE AT LAKE POINTE,
L.L.C denominated as "El-ad
Properties,"

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to El-ad Properties' motion to dismiss and for more definite statement (Doc. # 11), filed June 8, 2010, and Todd and Janet Distler's response, filed on June 16, 2010. (Doc. # 17).

For the reasons stated below, El-ad Properties' motion to dismiss is granted as to claim two, and El-ad Properties' motion for more definite statement is granted as to claim one. The Court grants the Distlers the opportunity to file an amended complaint by November 4, 2010.

**I. Background**

Todd and Janet Distler were tenants of El-ad Properties in Saint Petersburg, Florida for three years. (Doc. # 1 at 2). The Distlers allege in their complaint that they are individuals with disabilities and were denied a downstairs unit by El-ad Properties at the Reserve at Lake Pointe. Id.

In addition, they allege that El-ad Properties would not renew their lease in February 2009, and El-ad Properties staff subsequently harassed and intimidated the Distlers when they sought an explanation for the non-renewal. Id. Finally, they allege that, as a direct result of the non-renewal and subsequent harassment, Todd Distler suffered a severe emotional breakdown and was hospitalized in December 2009. Id. at 4.

The Distlers filed the instant action, *pro se*, on April 28, 2010, alleging discrimination under the Americans with Disabilities Act, violations of 42 U.S.C. § 12755 for failure to renew a lease without written notice, and damages suffered from Todd Distler's emotional breakdown. (Doc. # 1 at 2). El-ad Properties filed the instant motion to dismiss or for more definite statement on June 8, 2010 (Doc. # 11), and the Distlers filed a response on June 16, 2010 (Doc. # 17).

## II. Legal Standard

In reviewing a motion to dismiss, the Court accepts as true all of the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). All that is required is a short and plain statement of the

2

claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A complaint that offers "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 550 U.S. at 545. Legal conclusions may provide the framework of the complaint, but they must be supported by factual allegations. Iqbal, 129 S. Ct. at 1950.

Further, when construing the pleadings of a *pro se* plaintiff, as in the present case, the court must construe the pleadings liberally. Douglas v. Yates, 535 F.3d 1316, 1320 (11th Cir. 2008). Even in light of this factor, however, the requirements for pleading and dismissal are still applicable. Id.

The rules of civil procedure, working in concert "require a plaintiff to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading and allow the court to determine which facts supported which claims and whether the plaintiff had stated any claims upon which relief can be granted." Washington v. Bauer, 149 F. App'x 867, 869-70 (11th Cir.

2005)(discussing Federal Rules of Civil Procedure 8 and 10(b))(internal citations omitted). A defendant may seek a more definite statement of a claim through Federal Rule of Civil Procedure 12(e). S.E.C. v. Digital Lightwave, Inc., 196 F.R.D. 698, 700 (M.D. Fla. 2000). However, motions for a more definite statement should only be granted when the pleading "is so vague or ambiguous that the party cannot reasonably be expected to respond." Scarfato v. Nat'l Cash Register Corp., 830 F. Supp. 1441, 1443 (M.D. Fla. 1993).

### III. Analysis

#### A. Motion to Dismiss

The Distlers have alleged, in their second claim for relief, that pursuant to 42 U.S.C. § 12755, they are entitled to relief from the termination of their tenancy without written notice. (Doc. # 1 at 3). The allegation in the complaint fails to state a claim, as the Distlers do not properly allege that they are entitled to the protections of 42 U.S.C. § 12755.

First, the Distlers failed to allege that § 12755 applies to their tenancy in any manner. § 12755 was enacted as the HOME Investment Partnerships Act, authorized under Title II of the Cranston-Gonzalez National Affordable Housing Act, with the purpose of providing grants to states and localities to

4

fund a wide rage of activities in support of affordable housing to low-income Americans. See 24 C.F.R. § 92.1 (2010). In order to qualify for the grants, and the protections that go along with them, jurisdictions must go through a process of approval and designation to become a participating jurisdiction, and each individual family must also qualify for the program through income determinations. See 24 C.F.R. § 92.101-203.

The Distlers maintain, in their response to El-ad Properties' motion to dismiss, that they are recipients of "section 8 HUD federal housing." (Doc. # 17 at 1). The Section 8 HUD federal housing program, authorized by 42 U.S.C. § 1437f, provides vouchers as a form of rental income assistance to low-income families. See 42 U.S.C. § 1437f (2006); 24 C.F.R. § 982.1-982.4. This voucher program is separate and distinct from the HOME program found in 42 U.S.C. § 12755.

Even though the Distlers are recipients of housing aid from the U.S. Department of Housing and Urban Development though Section 8 vouchers, they are not entitled to the protections of the HOME program, as the statutes, regulations, and programs are separate and distinct.

The Distlers have not shown they are covered under the HOME program and its statutory protections. Accordingly, at

5

this juncture, the Court dismisses the second claim of relief with leave to amend if the Distlers so choose.

### B. **Motion for More Definite Statement**

The Distlers have also alleged discrimination pursuant to the Americans with Disabilities Act, resulting in an alleged mental breakdown suffered by Todd Distler. (Doc. # 1 at 3). These allegations are found in the first and third claims for relief. Id.

The first claim for relief alleges discrimination under the ADA, however, it cites the Fair Housing Act, 42 U.S.C. § 3604, as the applicable statute. (Doc. # 1 at 3). The Fair Housing Act seems to be the statute that the Distlers wish to use, as it is the appropriate statute to use to seek relief from discrimination in housing. See 42 U.S.C. § 3604 (2006). However, because it is unclear from the face of the complaint what statute the Distlers are using in their attempt to recover from El-ad Properties, the motion for more definite statement is granted as to claim one.

Finally, the third claim for relief alleges that Todd Distler suffered a severe mental breakdown as a result of discrimination, harassment, and intimidation by the El-ad Properties employees. (Doc. # 1 at 3). The Distlers, in their response to the motion to dismiss, state that "claim # 3 is a

6

consolidated claim for compensatory damages for counts (claims 1 and 2)." (Doc. # 17 at 2). Therefore, the Distlers have clarified that claim three is not really a separate claim but, instead, a request for damages stemming from claims one and two.

Due to the unclear nature of claim one, El-ad Properties' motion for more definite statement is granted. Claim three has been clarified as a request for damages and thus the Court will not address its merits at this stage in the proceedings.

## IV. Conclusion

The Court, in analyzing the four corners of the complaint, and without consideration of any extrinsic evidence provided, holds that El-ad Properties' motion to dismiss is granted as to claim two. Additionally, El-ad Properties' motion for more definite statement is granted as to claim one. The Distlers may file an amended complaint, if they so choose, by November 4, 2010.

Further, the Court determines that this action will be subject to dismissal if the Distlers fail to file an amended complaint by November 4, 2010.[1]

---

[1] This action will be subject to dismissal if an amended complaint is not filed by the Distlers because the Court has determined that a more definite statement of claim one is necessary, has dismissed claim two, and because the Distlers

7

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) El-ad Properties' motion to dismiss and motion for more definite statement (Doc. # 11) is **GRANTED** as specified above.

(2) The Distlers may file an amended complaint by **NOVEMBER 4, 2010**.

(3) If the Distlers fail to file an amended complaint by November 4, 2010, this action will be subject to dismissal without further notice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of October, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record

---

have indicated that claim three is nothing more than a request for damages stemming from claims one and two.

8