```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

TODD DISTLER and JANET DISTLER,

        Plaintiffs,
v.                                        Case No. 8:10-cv-1018-T-33TGW

EL-AD RESERVE AT LAKE POINTE,
L.L.C. denominated as "El-ad
Properties,"

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to El-Ad Reserve at Lake Pointe, L.L.C.'s Motion to Dismiss or for More Definite Statement as to Count Two (Doc. # 30) filed on November 2, 2010.[1] Pro se Plaintiffs Todd and Janet Distler filed a Response in Opposition (Doc. # 32) on November 10, 2010. For the reasons that follow, the Court grants the motion by dismissing count two of the amended complaint.

**I. Background**

Todd and Janet Distler were El-Ad tenants in St. Petersburg, Florida for three years. (Doc. # 27 at 2). The Distlers allege that they are recipients of "HUD Section 8 Housing Assistance" vouchers and are individuals with mental

---

[1] The Motion to Dismiss or for a More Definite Statement as to Count Two was filed two times on November 2, 2010. The Court considers (Doc. # 30) as the motion under consideration and terminates (Doc. # 31) as redundantly filed.

and physical disabilities. Id.  Todd Distler is "legally blind." Id.[2]

The Distlers allege that they requested a downstairs unit as an accommodation for their disabilities, but El-Ad denied the request. Id.  In addition, they allege that El-Ad failed to renew their lease in February 2009, and El-Ad staff subsequently (1) harassed and intimidated the Distlers when they sought an explanation for the non-renewal and (2) refused to provide the Distlers with a reason for the non-renewal of the lease. Id.  Finally, they allege that, as a direct result of the non-renewal and subsequent harassment, Todd Distler suffered a severe emotional breakdown and was hospitalized in December 2009. Id. at 4.

The Distlers filed the instant action, pro se, on April 28, 2010. (Doc. # 1).  On June 8, 2010, El-Ad moved for dismissal, or, in the alternative, for a more definite statement of the complaint. (Doc. # 11). On October 15, 2010, the Court granted the motion in part by dismissing count two without prejudice and requiring a more definite statement of count one. (Doc. # 26).

The Distlers filed an amended complaint on October 22,

---

[2] The operative complaint does not specify the nature of Janet Distler's disabilities, if any.

2010. (Doc. # 27). In count one, the Distlers allege that El-Ad engaged in discrimination in violation of the Fair Housing Act by failing to accommodate them with a downstairs unit. (Doc. # 27 at 3). The Distlers allege in count two that El-Ad violated "Federal Regulation HUD Title 24-982.310" when El-Ad failed to provide the Distlers with a specific written notice of the grounds for non-renewal of the lease.[3] In count three, the Distlers allege that El-Ad "intimidated and interfered with their Fair Housing Rights for accommodation and renewal of their lease." (Doc. # 27 at 4). They seek recompense for "fear, emotional upheaval and mental stresses." Id.

Once again, El-Ad seeks dismissal of count two, asserting that the Distlers have failed to state a claim upon which relief may be granted. In the alternative, El-Ad seeks a more definite statement of count two.

## II. Legal Standard

In reviewing a motion to dismiss, the Court accepts as true all of the allegations in the complaint and construes

---

[3] Count two states in full: "Pursuant to Federal Regulation HUD title 24.982.310- (owner termination of tenancy), the defendant Elad Properties, owner of the Reserve at Lake Pointe failed to give the plaintiffs, the Distlers, a specified written notice of the grounds for termination of tenancy, thereby violating HUD title 24.982.310. Documentation is included." (Doc. # 27 at 3).

them in the light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). All that is required is a short and plain statement of the claim. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(citing <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). A complaint that offers "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. Legal conclusions may provide the framework of the complaint, but they must be supported by factual allegations. <u>Iqbal</u>, 129 S. Ct. at 1950.

Further, when construing the pleadings of a pro se plaintiff, as in the present case, the court must construe the pleadings liberally. <u>Douglas v. Yates</u>, 535 F.3d 1316, 1320 (11th Cir. 2008). Even in light of this factor, however, the requirements for pleading and dismissal are still applicable. <u>Id.</u>

The rules of civil procedure, working in concert "require a plaintiff to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading and allow the court to determine

4

which facts supported which claims and whether the plaintiff had stated any claims upon which relief can be granted." Washington v. Bauer, 149 F. App'x 867, 869-70 (11th Cir. 2005)(discussing Federal Rules of Civil Procedure 8 and 10(b))(internal citations omitted). A defendant may seek a more definite statement of a claim through Federal Rule of Civil Procedure 12(e). SEC v. Digital Lightwave, Inc., 196 F.R.D. 698, 700 (M.D. Fla. 2000). However, motions for a more definite statement should only be granted when the pleading "is so vague or ambiguous that the party cannot reasonably be expected to respond." Scarfato v. Nat'l Cash Register Corp., 830 F. Supp. 1441, 1443 (M.D. Fla. 1993).

### III. Analysis

In count two, the Distlers allege that El-Ad "failed to give plaintiffs, the Distlers, a specified written notice of the grounds for termination of tenancy, thereby violating HUD Title 24.982.310." (Doc. # 27 at 3). El-Ad argues that count two is subject to dismissal for two reasons: (1) the Fair Housing Act and its attendant Regulations do not require a landlord to explain its decision not to renew a lease and (2) 24 C.F.R. § 982.310 does not contain a private right of action for its enforcement.

24 C.F.R. § 932.310 bars a landlord from terminating a

tenancy during the term of the lease without giving a specific explanation: "(e) Owner notice –(1) Notice of grounds. (i) The owner must give the tenant a written notice that specifies the grounds for termination of tenancy <u>during the term of the lease.</u>" 24 C.F.R. § 982.310 (e)(1)(i)(emphasis added).

In this case, El-Ad did not terminate the lease "during the term of the lease." Rather, at the expiration of the lease, El-Ad opted not to renew the Distlers' lease. The Regulation in question imposes clear requirements on a landlord who terminates a lease "during the term of the lease." In the present case, El-Ad did not terminate the lease during the term of the lease, and therefore, the requirement of a written notice containing grounds for termination was is not applicable.[4] Strikingly absent from the amended complaint (and also from the original complaint) is the allegation that El-Ad chose not to renew the lease on the basis of the Distlers' alleged disabilities. This allegation is neither explicitly stated in the Distlers' pleadings nor can it be fairly implied therefrom.

---

[4] Because the Court finds no violation of 24 C.F.R. § 928.301, it is not necessary to evaluate El-Ad's second argument: that the Regulation does not contain a provision for private enforcement through civil actions, such as the present case.

6

As framed, count two of the amended complaint fails to state a claim upon which relief may be granted. The Distlers' response in opposition to the motion to dismiss (Doc. # 32) does not shed light on count two or provide additional information upon which this Court might interpret count two as a cognizable claim. Accordingly, count two is dismissed and it is neither necessary nor appropriate to require a more definite statement of count two.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) El-Ad's Motion to Dismiss or for More Definite Statement as to Count Two (Doc. # 30) is **GRANTED** to the extent that Count Two of the Amended Complaint is **DISMISSED.**

(2) The Clerk is directed to terminate (Doc. # 31) as redundantly filed.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of May 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel and Parties of Record

7